Case 3:13-cv-01653-O-BF Document 20 Filed 09/17/13 Page 1 of 4 PageID 77

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP 7 2013

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ERIC CHRISTOPHER, 1825374, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:13-CV-1653-O |
| ) | |
| OFFICER NFN MCCLENDON, ) | |
| Defendant. ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

## BACKGROUND

Plaintiff was an inmate in the Dawson State Jail at the time he filed this complaint. Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendant is Dawson State Jail Officer Darrick McClendon.

Plaintiff admits that he engaged in prohibited sexual conduct with another inmate at the Dawson State Jail. (Pl's May 10, 2013 Mem.) He claims Officer McClendon endangered his life by telling other inmates about this misconduct. Plaintiff states that the inmates verbally harassed him for six days at which point Plaintiff hit one of the inmates. Plaintiff was not disciplined for hitting the inmate. He seeks money damages.

## SCREENING

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 162, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

## DISCUSSION

Plaintiff claims Defendant McClendon put his life in danger by telling other inmates about his sexual misconduct. For such a claim, Plaintiff must show he was "incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Actual knowledge and appreciation of the risk are required. *Id.* at 837-38.

Plaintiff must also show that he suffered physical harm as a result of Defendant's

conduct. *See Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999). Plaintiff has not alleged that he suffered any physical harm as a result of Defendant's actions or other inmates' actions. He is therefore not entitled to compensatory damages. *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005); *Anderson v. Kaydo,* No. 12-40880, 2013 WL 4029273 (5th Cir. Aug. 7, 2013) (per curiam); *White v. Gutierez*, 274 Fed. Appx. 349, 349 (5th Cir. 2008) (finding verbal abuse and threatening language do not give rise to an action under § 1983). Plaintiff's claims should be dismissed.

**RECOMMENDATION**

The Court recommends that Plaintiff's claims should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

Signed this 17 day of Sept, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).